# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON A. PAGE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S. GATES, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:19-cv-01359-DAD-SAB (PC)<br><br>ORDER SCREENING PLAINTIFF'S COMPLAINT, AND GRANTING PLAINTIFF LEAVE TO FILE FIRST AMENDED COMPLAINT<br><br>(ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Jason A. Page is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court for screening is Plaintiff's complaint, filed on September 26, 2019. (ECF No. 1.)

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

The events at issue in the complaint took place at Valley State Prison. Plaintiff names S. Gates, Dr. H. Longia, Dr. P. Virk, Dr. K. Toor, Dr. H. Gill, J. Ballesil, RN, A. Galindo, RN, W. Magdalena, RN, M. Mullen, RN, A. Starks, RN, K. Duncan, RN, P. Balbon, RN, T. Benyo, LVN, N. Simon, LVN, P. Singh, LVN, J. Avila, LVN, T. Jamison, LVN, M. Hernandez, LVN, S. McCartney, LVN, K. Pena, LVN, and V. Packard, LVN as Defendants. Plaintiff states that each named Defendant is liable in their individual capacity.

Plaintiff alleges that, in November 2018, he approached medical personnel regarding his parasitic issue. Even though he has been seen more than 20 times by doctors, RNs, and LVNs at

2

Valley State Prison, he has shown the doctors, RNs, and LVNs the parasites on his body, and "they" have acknowledged the parasites. Plaintiff asserts that the doctors, RNs, and LVNs have acted with deliberate indifference to his parasitical infestation. For example, in December 2018, after Defendant Toor looked at Plaintiff's chest, stomach, arms, and face, Defendant Toor acknowledged to Plaintiff, in passing, that Plaintiff "ha[d] bugs[,]" but no medical staff undertook any serious intervention to help Plaintiff. (ECF No. 1, at 5.) Plaintiff states that, although he has submitted over a dozen requests for urgent medical intervention, he has only been given low-dose over-the-counter type of topical creams. Plaintiff asserts that the topical creams have had no result and he has stated so on the request forms and in person.

Plaintiff states that, as of September 9, 2019, he still has the parasitic infestation in his hair, face, eyebrows, ears, neck, lower back, buttocks, and arms. Plaintiff further states that he has requested to be placed in the Infirmary's isolation cell for treatment with RID, which is a "street remedy" that can be purchased at any pharmacy and that destroys tics, crabs, lice, and other infestations such as mites and chiggers.

Plaintiff alleges that the failure to appropriately treat his parasitic infestation has caused him to suffer significant pain, stress, and anxiety due to the scratching, constant digging, picking, bleeding, scabbing, and painful infection at each area that has been bitten. Additionally, Plaintiff asserts that he is in constant mental agony due to the fact that bugs are eating at him and no one cares to help him. (Id. at 13.)

Plaintiff seeks compensatory damages in the amount of $100,000.00, punitive damages in the amount of $50,000.00, and injunctive relief.

### III.

### DISCUSSION

**A.    Federal Rule of Civil Procedure 8**

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citation and internal

3

quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). This is because, while factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556-57; Moss, 572 F.3d at 969. Therefore, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citations and internal quotation marks omitted).

In this case, while Plaintiff's complaint is short, it is not a plain statement of his claims. Most of Plaintiff's allegations are vague and conclusory statements unsupported by any facts. Further, Plaintiff has improperly stated some of his factual allegations in the memorandum of points and authorities filed with his complaint. However, Plaintiff must state all his factual allegations in the body of his complaint. Therefore, as currently pled, Plaintiff's complaint does not contain enough factual content to permit the Court to draw the reasonable inference that Defendants Gates, Longia, Virk, Toor, Gill, Ballesil, Galindo, Magdalena, Mullen, Starks, Duncan, Balbon, Benyo, Simon, Singh, Avila, Jamison, Hernandez, McCartney, Pena, and Packard are liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

Consequently, Plaintiff's complaint does not comply with the requirements of Rule 8(a)(2). The Court will grant Plaintiff leave to file an amended complaint.

**B.  Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of each named defendant and the deprivation alleged to have been suffered by

4

Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff has identified twenty-one separate Defendants, but Plaintiff has not alleged what each separate Defendant did, or did not, do to violate his constitutional rights. Instead, Plaintiff's complaint assigns each individual Defendant to one of three groups of Defendants and then makes allegations against each of three groups of Defendants collectively. Therefore, Plaintiff has failed to allege a cognizable claim against any named Defendant. In any first amended complaint, Plaintiff must clearly allege facts demonstrating a link between what each separate individual Defendant allegedly did, or did not, do and the resulting deprivation of Plaintiff's constitutional rights.

### C. Supervisory Liability

To the extent that Plaintiff seeks to hold Defendants Gates, Longia, and Virk or any other Defendant liable based solely on their supervisory role, Plaintiff may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of *respondeat superior*. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir.2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

Supervisors may be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official promulgated and/or implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Redman v. Cnty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and

quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

Here, Plaintiff alleges that Defendants Gates, Longia, and Virk either had actual knowledge of his parasitical infestation or avoided "administrative appeal notice of condition" and acted "with extreme gross negligence in their continued deliberate indifference to" Plaintiff's medical needs. (ECF No. 1, at 7.) However, as discussed below, Plaintiff has failed to allege a cognizable claim of deliberate indifference to serious medical needs in violation of the Eighth Amendment. Additionally, to the extent that Plaintiff is attempting to allege that Defendants Gates, Longia, and/or Virk promulgated and/or implemented a constitutionally deficient policy, Plaintiff has not pled facts identifying the specific unconstitutional policy promulgated and/or implemented by Defendants Gates, Longia, and/or Virk, or facts describing how the specific unconstitutional policy caused the violation of Plaintiff's constitutional rights. Therefore, Plaintiff has failed to state a cognizable supervisory liability claim against Defendants Gates, Longia, and/or Virk.

**D.     Deliberate Indifference to Serious Medical Needs**

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds by Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (citation omitted).

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985. Deliberate indifference may be shown by the

denial, delay, or intentional interference with medical treatment or by the way in which medical care is provided. Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). "Deliberate indifference is a high legal standard," Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06).) "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

"A difference of opinion between a physician and the prisoner – or between medical professionals – concerning what medical care is appropriate does not amount to deliberate indifference." Snow, 681 F.3d at 987. "To show deliberate indifference, the plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to plaintiff's health." Id.

1. Defendants Gates, Longia, Virk, Toor, and Gill

Plaintiff alleges that Defendants Gates, Longia, Virk, Toor, and Gill had either actual knowledge of Plaintiff's severe medical condition or they avoided "administrative appeal notice of condition" and "they act with extreme gross negligence in their continued deliberate indifference to [Plaintiff's] medical needs[,]" "after [Plaintiff's] repeated pleas to be placed into

medical infirmary isolation cell for proper treatment." (ECF No. 1, at 7.) Further, Plaintiff alleges that "[d]efendants continue with prejudice to [Plaintiff's] suffering after administration appeals with extreme gross negligence and deliberate indifference[.]" (Id.)

However, initially, in order to state a claim under § 1983, Plaintiff is required to allege facts showing that each individual defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934. Therefore, Plaintiff's allegations that a collective group of "Defendants," even a group of specifically identified Defendants, were deliberately indifferent to his serious medical needs do not state a cognizable claim.

Further, Plaintiff's allegation that Defendants Gates, Longia, Virk, Toor, and Gill were, and continue to be, deliberately indifferent to his serious ongoing parasitic infestation because they have failed to place Plaintiff in the infirmary isolation cell for treatment with RID is conclusory and unsupported by facts. First, other than Plaintiff's allegation that, in December 2018, Defendant Toor acknowledged to Plaintiff, in passing, that Plaintiff "ha[d] bugs[,]" Plaintiff has not alleged any facts demonstrating that Defendants Gates, Longia, Virk, and Gill were aware of Plaintiff's serious medical need. Second, while Plaintiff alleges that Defendants Gates, Longia, Virk, Toor, and Gill have acted, and continue to act, with extreme gross negligence to Plaintiff's medical need, gross negligence does not establish deliberate indifference. Wood, 900 F.2d at 1334.

Third, Plaintiff alleges that Defendants Gates, Longia, Virk, Toor, and Gill have been, and continue to be, deliberately indifferent to his ongoing parasitic infestation because they have failed to treat his infestation with RID and have only prescribed low-dose over-the-counter type of topical creams. However, Plaintiff has not pled any facts showing that the course of treatment chosen by Defendants Gates, Longia, Virk, Toor, and Gill – the topical creams – was "medically unacceptable under the circumstances" and that Defendants Gates, Longia, Virk, Toor, and Gill each chose the course of treatment in "conscious disregard of an excessive risk to plaintiff's health[.]" Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). Therefore, at this time, Plaintiff has only alleged a difference of opinion between himself and Defendants Gates, Longia, Virk, Toor, and Gill concerning the proper diagnosis and treatment of Plaintiff's ongoing parasitic

8

infestation, which does not amount to deliberate indifference.  Toguchi, 391 F.3d at 1058.

Consequently, Plaintiff has failed to state a cognizable claim for deliberate indifference to serious medical needs against Defendants Gates, Longia, Virk, Toor, and Gill.

### 2. Defendants Ballesil, Galindo, Magdalena, Mullen, Starks, Duncan, and Balbon

Plaintiff alleges that Defendants Ballesil, Galindo, Magdalena, Mullen, Starks, Duncan, and Balbon acted with deliberate indifference to Plaintiff's serious ongoing parasitic infestation by failing to report "the true severity of [Plaintiff's] condition and levels of contamination." (ECF No. 1, at 8.)

However, initially, in order to state a claim under § 1983, Plaintiff is required to allege facts showing that each individual defendant personally participated in the deprivation of his rights.  Jones, 297 F.3d at 934.  Therefore, Plaintiff's allegations that a collective group of "Defendants," even a group of specifically identified Defendants, were deliberately indifferent to his serious medical needs do not state a cognizable claim.

Further, Plaintiff's allegation that Defendants Ballesil, Galindo, Magdalena, Mullen, Starks, Duncan, and Balbon were deliberately indifferent to his serious ongoing parasitic infestation because they failed to report the true severity of Plaintiff's medical condition is conclusory and unsupported by facts.  In order to state a claim for deliberate indifference in such circumstances, Plaintiff must allege facts demonstrating that: (1) Defendants Ballesil, Galindo, Magdalena, Mullen, Starks, Duncan, and Balbon were each aware of the true severity of Plaintiff's serious medical need; (2) that, by failing to report the true severity of Plaintiff's medical condition, Defendants Ballesil, Galindo, Magdalena, Mullen, Starks, Duncan, and Balbon each knew that Plaintiff would not be provided with appropriate medical treatment; (3) that Defendants Ballesil's, Galindo's, Magdalena's, Mullen's, Starks's, Duncan's, and Balbon's separate failures to report the true severity of his medical condition caused Plaintiff not to receive appropriate medical treatment; and (4) that Plaintiff suffered harm by being denied appropriate medical treatment due to Defendants Ballesil's, Galindo's, Magdalena's, Mullen's, Starks's, Duncan's, and Balbon's individual failures to report the true severity of Plaintiff's medical need.

Consequently, Plaintiff has failed to state a cognizable claim for deliberate indifference

to serious medical needs against Defendants Ballesil, Galindo, Magdalena, Mullen, Starks, Duncan, and Balbon.

### 3. <u>Defendants Benyo, Simon, Singh, Avila, Jamison, Hernandez, McCartney, Pena, and Packard</u>

Plaintiff alleges that Defendants Benyo, Simon, Singh, Avila, Jamison, Hernandez, McCartney, Pena, and Packard acted with deliberate indifference to Plaintiff's serious medical needs by failing to "report the severity of [Plaintiff's] para[s]itic infestation condition to supervisory medical staff[.]" (ECF No. 1, at 8.)

However, initially, in order to state a claim under § 1983, Plaintiff is required to allege facts showing that each individual defendant personally participated in the deprivation of his rights. <u>Jones</u>, 297 F.3d at 934. Therefore, Plaintiff's allegations that a collective group of "Defendants," even a group of specifically identified Defendants, were deliberately indifferent to his serious medical needs do not state a cognizable claim.

Further, Plaintiff's allegation that Defendants Benyo, Simon, Singh, Avila, Jamison, Hernandez, McCartney, Pena, and Packard were deliberately indifferent to his serious ongoing parasitic infestation because they failed to report the severity of Plaintiff's medical condition to supervisory medical staff is conclusory and unsupported by facts. In order to state a claim for deliberate indifference in such circumstances, Plaintiff must allege facts demonstrating that: (1) Defendants Benyo, Simon, Singh, Avila, Jamison, Hernandez, McCartney, Pena, and Packard were each aware of the severity of Plaintiff's serious medical need; (2) that, by failing to report the severity of Plaintiff's medical condition to supervisory medical staff, Defendants Benyo, Simon, Singh, Avila, Jamison, Hernandez, McCartney, Pena, and Packard each knew that Plaintiff would not be provided with appropriate medical treatment; (3) that Defendants Benyo's, Simon's, Singh's, Avila's, Jamison's, Hernandez's, McCartney's, Pena's, and Packard's separate failures to report the severity of his medical condition to supervisory medical staff caused Plaintiff not to receive appropriate medical treatment; and (4) that Plaintiff suffered harm by being denied appropriate medical treatment due to Defendants Benyo's, Simon's, Singh's, Avila's, Jamison's, Hernandez's, McCartney's, Pena's, and Packard's individual failures to report

the severity of Plaintiff's medical need to supervisory medical staff.

Consequently, Plaintiff has failed to state a cognizable claim for deliberate indifference to serious medical needs against Defendants Benyo, Simon, Singh, Avila, Jamison, Hernandez, McCartney, Pena, and Packard.

## IV.

## CONCLUSION

Based on the foregoing, Plaintiff's complaint fails to state a cognizable claim for relief. The Court will grant Plaintiff an opportunity to amend his complaint to cure the above-identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's first amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Further, "Plaintiff is informed that he is not required to provide legal citations or a memorandum of points and authorities in support of his amended complaint. Rather, he should focus on the facts supporting his cause of action." Green v. Link, No. 2:19-cv-1324 JAM KJN P, 2019 WL 4033884, at *7 (E.D. Cal. Aug. 27, 2019).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927. Therefore, Plaintiff's first amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's office shall send Plaintiff a complaint form;

///

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order; and

3. <u>If Plaintiff fails to file a first amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed, with prejudice, for failure to obey a court order, failure to prosecute, and for failure to state a claim</u>.

IT IS SO ORDERED.

Dated: **February 18, 2020**

_____
UNITED STATES MAGISTRATE JUDGE